# E. NOTT SCHERMERHORN, APPELLANT, *v.* THE CITY OF SCHENECTADY, RESPONDENT.

*Water commissioners of Schenectady — their right to recover the salary fixed by section 2 of chapter 330 of 1883, does not require the construction of entirely new works.*

The plaintiff, a water commissioner of the city of Schenectady, brought an action against the city, claiming to be entitled to recover one year's salary under the provisions of chapter 330 of 1883, entitled an "Act to supply the city of Schenectady with water;" which statute, after providing for the appointment of three water commissioners, contained, in section 2 thereof, the following provision: "The said water commissioners, for the first year after the commencement of the construction of water-works, *as hereinafter prescribed*, shall each receive such salary as the common council shall fix and determine, which shall not exceed five hundred dollars, and shall be fixed before any appointment of commissioners shall be made. After such first year the said commissioners shall not be entitled to receive any compensation for their services, but such expenses as they may incur in the discharge of their duties, which the said common council shall deem reasonable and necessary, shall be paid to them."

Section 4 of the act, prescribing the duties of such commissioners, provides that "it shall be the duty of the said water commissioners to examine and consider all matters relative to supplying the city of Schenectady with a sufficient quantity of good and wholesome water, * * * and they shall adopt such plans as, in their judgment, shall be most expedient for procuring such supply of water,

which shall embrace the proper distributing or main pipes for a supply to all the streets in said city, so far as said commissioners shall deem the same expedient. * * * Such plans may also embrace *the purchase of any water-works*, with the pipes, machinery, appliances and other property, or any part thereof, now in use and operation for supplying water in said city."

The plan decided upon by the commissioners, and approved and confirmed by the common council, was the Holly system, and embraced the purchase of the then existing water-works of the Schenectady Water Company.

Thereafter, in execution of the plan so approved and adopted by the common council, the said water commissioners purchased, in the name and for the use and benefit of the said city, the entire property of the said Schenectady Water Company, real and personal, as authorized by the said act, and took possession of the property so purchased, and have continued in such possession from that time to the present, and have, from time to time, enlarged and repaired the same by the purchase and erection of a new pump, boiler and appurtenances, by the extension of the main or distributing pipes into streets or parts of the city not supplied with water at the time of the purchase of the said property, and the erection of additional hydrants for fire purposes.

*Held*, that, considering the provisions contained in the second and fourth sections, and giving effect to the other provisions of the said statute, the court were convinced that it was not the intention of the legislature to require the construction of entirely new works in order to entitle the commissioners to such salary.

That they were to devise a system of water-works which would supply the city with good wholesome water, and that, in carrying out such purpose, they were at liberty to adopt, as a part of their plan, the purchase of any water-works in use in the city, and to add thereto such water-works as they should deem necessary to accomplish the end contemplated.

APPEAL by the plaintiff from a judgment of dismissal rendered on a trial at the Schenectady Circuit before the court, without a jury, which was entered in the office of the clerk of the county of Schenectady, on April 11, 1888. The plaintiff and his assignors are the water commissioners of the city of Schenectady, and have been such commissioners ever since the office was first created.

Chapter 330, Laws of 1883, authorized the city of Schenectady to procure a supply of water for the city, and for that purpose provided for the appointment of three water commissioners, to whom was confided the duty and power to decide upon the proper plan to carry out the object, and after such plan had been adopted and approved by the common council to carry it into execution.

The plan so decided upon by the commissioners, and ratified and confirmed by the common council, was the Holly system, and embraced the purchase of the then existing water-works of the

Schenectady Water Company. This was done November 25, 1885. Since then the commissioners have, by various alterations and additions to the said works, adapted the works so purchased to the present needs of the city.

This action was brought to recover the one year's salary of the commissioners. The question in this case on the appeal was, whether, to entitle the commissioners to a salary under the act, it was necessary that an entire new set of water-works should be built, or whether the acquisition by purchase or through the exercise of the right of eminent domain of the existing works, and their adaptation to the needs of the defendant, was not the " commencement of the construction of water-works," as contemplated by the act.

*Alonzo P. Strong,* for the appellant.

*S. W. Jackson,* for the respondent.

INGALLS, J.:

On the 27th day of April, 1883, an act was passed by the legislature entitled " An act to supply the city of Schenectady with water." The first section of such statute provides for the appointment of three water commissioners, and prescribes the duration of their term of office. The second section contains the following provision: " The said water commissioners for the first year after the commencement of the construction of water-works, *as hereinafter prescribed,* shall each receive such salary as the common council shall fix and determine, which shall not exceed $500; and shall be fixed before any appointment of commissioners shall be made. After such first year the said commissioners shall not be entitled to receive any compensation for their services, but such expenses as they may incur in the discharge of their duties, which the said common council shall deem reasonable and necessary, shall be paid to them." Pursuant to such statute the plaintiff E. Nott Schermerhorn, A. Andrew Barhydt and Peter Van Dyck, were appointed by the common council such water commissioners; and before entering upon the performance of the duties of the office the said commissioners took the oath of office prescribed by such statute. The question involved in this appeal is whether the

commissioners became entitled to the salary fixed by the common, council. The trial court has found the facts as stated in the complaint, except the allegation of indebtedness and the amount thereof; and has also found the facts as stated in the answer. There is really no dispute in regard to the material facts, and the determination of the case upon this appeal must depend upon the construction which shall be given to the statute in question in regard to the right of the commissioners to the salary claimed by them under such statute. The statute declares the purpose for which it was enacted, viz., "to supply the city of Schenectady with water." It did not prescribe the particular method by which such result should be attained, but left that to the discretion of the commissioners, subject to the approval of the common council. The fourth section of the statute prescribes the duties of such commissioners as follows, viz.: "Section 4. It shall be the duty of the said water commissioners to examine and consider all matters relative to supplying the city of Schenectady with a sufficient quantity of good and wholesome water; and for that purpose they shall have power to employ engineers, surveyors and such other persons as they shall deem necessary for that purpose; and they shall adopt such plans as in their judgment shall be most expedient for procuring such supply of water, which shall embrace the proper *distributing or main pipes for a supply to all the streets in said city*, so far as said commissioners shall deem the same expedient; and also the furnishing and placing, such number of street hydrants for supplying water for the extinguishment of fires, as they shall deem advisable; and they shall make an estimate of the probable amount of money necesssary to carry such plans in effect. Such plans may also embrace the *purchase of any water-works*, with the pipes, machinery and appliances, and other property, or any part thereof, now in use and operation for supplying water in said city." It is apparent that the legislature intended to confer upon the commissioners a broad discretion in regard to the selection of a plan which would be most likely to accomplish the purpose contemplated, viz., "supplying the city with good and wholesome water. The following statements in the complaint, and which have been found as facts by the trial court, show the nature of the work required of the commissioners and the manner they performed the same. "Seventh.

That immediately after the appointment and qualification of said J. Andrew Barhydt, Peter Van Dyck and this plaintiff as such water commissioners and their organization as a board of water commissioners aforesaid, the said water commissioners entered upon the discharge of the duties imposed upon them by the act aforesaid; that the said water commissioners, as speedily as possible, examined and considered all matters submitted to them, or which they deemed material, relative to supplying the city of Schenectady with a sufficient supply of good and wholesome water. That for that purpose, and in the company of expert engineers and assistants employed by them, the said water commissioners personally examined and investigated several different proposed supplies of water and many different plans for conducting the same to the city and for the distribution thereof to its inhabitants. That the said water commissioners, from time to time after their appointment and down to the 27th day of September, 1885, made to the common council of said city various preliminary reports of their acts as such water commissioners and of the plans adopted from time to time by them for supplying the said city of Schenectady with water, as required by said act above recited. That such preliminary reports and plans so presented to said common council before September 27, 1885, were either not acted upon by said common council or did not meet with their approval or adoption. That thereafter, and on the 27th day of September, 1885, the said water commissioners, at a meeting duly held on that day, at which all the said commissioners were present, by the affirmative vote of all the commissioners, adopted as the plan, in their judgment most expedient for securing the supply of water for said city, the purchase of the entire property of the Schenectady Water Company, as authorized by the act above recited, for the sum of ninety thousand dollars. That the plan so adopted by said water commissioners embraced the proper distributing of main pipes for a supply to all the streets of said city, so far as the said commissioners deemed the same expedient, and also the furnishing and placing such number of street hydrants, supplying water for the extinguishment of fires as they deemed advisable; together with an estimate of the probable amount of money necessary to carry such plan into effect. That on the 29th day of September, 1885, the said water commissioners made to the

said common council a report of the plan so adopted by the said water commissioners, which report contained a full and distinct description of the plan so adopted by them and their estimate of the expense thereof. That thereupon the said common council, by the affirmative vote of two-thirds of all the members thereof, duly approved, adopted and confirmed said report, the question upon the adoption of the plan so reported being taken by the yeas and nays, and entered in the minutes of said common council. That thereafter and on the 25th day of November, 1885, under and in pursuance of the provisions of the act of the legislature above cited, and in execution of the plan so approved and adopted by said common council, the said water commissioners purchased, in the name and for the use and benefit of the said city, the entire property of the said Schenectady Water Company, real and personal, as authorized by said act, paying therefor out of moneys raised, pursuant to the provisions of said act, the sum of ninety thousand dollars ; that, on the said 25th day of November, 1885, the said water commissioners, in the name and for the said city, took possession of the said property so purchased, and have continued in such possession from that time to the present ; that the property so purchased by the said water commissioners, from the time of such purchase to the present, continuously, has been, and now is, the sole and exclusive means of supplying the city of Schenectady with water, as contemplated by and provided for in the act above recited. *Eighth.* That since the purchase of the said water-works of the Schenectady Water Company, as above set forth, the said water commissioners have had the sole and exclusive charge and management thereof, and have from time to time enlarged and repaired the same by purchase and erection of new pump, boiler and appurtenances, by the extension of the main or distributing pipes into streets or parts of the city not supplied with water at the time of the purchase of the said property, and by the erection of additional hydrants for fire purposes." The proper performance of the duties which devolved upon the water commissioners, under such statute, evidently required, on their part, careful investigation, the exercise of sound judgment and the expenditure of much time. The service thus required of them obviously exceeded that which would be required of water commissioners, after the contemplated system should be completed and in operation,

and there is a seeming propriety and justice in the provision of the statute, by which compensation, by salary, could be made to those commissioners for the services which they were called upon to perform. The facts show that such commissioners not only recommended the purchase of the system of water-works which were in operation when the statute was passed, but greatly enlarged the same, by which the water has become more generally distributed in the city, and better accommodates its inhabitants. Indeed, it seems quite apparent that the system thus designed and introduced by such commissioners, with the approval of the common council, has accomplished the purpose contemplated by the statute, and in a manner fairly within its purview. Considering the provision contained in the second section thereof, already referred to, viz. : " That said water commissioners for the first year after the commencement of the construction of water-works, *as hereinafter prescribed,* shall receive such salary," etc. And the further provision contained in the fourth section : " Such plan may also embrace the purchase of any water-works, with pipes, machinery, appliances and other property, or any part thereof, now in use and operation for supplying water in said city ;" and also, giving effect to the other provisions of said statute, we are convinced that it was not the intention of the legislature to require the construction of entirely new works, in order to entitle the commissioners to such salary ; they were to devise a system of water-works which would supply the city with good, wholesome water, and in carrying out such purpose they were at liberty to adopt, as a part of their plan, the purchase of any water-works in use in the city, and to add thereto such further works as they should deem necessary to accomplish the end contemplated. Such would seem to be a reasonable construction of such statute. We can hardly infer it was intended that such commissioners should perform manual labor, by using the pick and shovel, in order to earn such salary. The statute should receive a reasonable interpretation regarding the purpose of its enactment ; and the means necessary and proper for the accomplishment of the result contemplated. The intention of the law-maker is to be sought, and when ascertained to be carried into effect, even though the language employed in framing the statute may not seem to

be the most apt which could have been chosen to convey such intention.  In Smith's Commentaries (§ 701, p. 820) the rule of construction in this respect is stated as follows:  "That whenever the intention of the maker of a statute can be discovered it ought to be followed with reason and discretion in the construction of the statute, although such construction seems contrary to the letter of the statute.  A thing that is within the letter of the statute is not within the statute unless it be within the intention of the makers."  In the _People_ v. _The Utica Insurance Company_ (15 Johns., 358) the rule is thus stated:  "Such construction ought to be put upon a statute as may best answer the intention which the makers had in view.  And this intention is sometimes to be collected from the cause or necessity of making the statute, and sometimes from other circumstances; and whenever such intention can be discovered it ought to be followed with reason and discretion in the construction of the statute, although such construction seem contrary to the letter of the statute.  Where any words are obscure or doubtful the intention of the legislature is to be resorted to in order to find the meaning of the words."  (Potter's Dwarris on Statutes, 236, 237.)  Applying such rule of construction to the facts of this case, we are convinced that the water commissioners were entitled to the salary provided by the statute, and that the plaintiff established a cause of action against the defendant which entitled him to a judgment in the action.  There should be a reversal of the judgment, and a new trial ordered, with costs to abide the event.

LEARNED, P. J., and LANDON, J., concurred.

Judgment reversed, new trial granted, costs to abide event.