TOWN OF MT. MORRIS, Appellant, *v.* EBEN B. THOMAS, Substituted Individually and as Trustee in Place of JOHN KING, Deceased, and THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondents.

1. TRANSFER OF RAILROAD STOCK BY TOWN TO LESSEE OF ROAD — LESSEE RELIEVED FROM PAYMENT OF RENTAL DIVIDENDS. In 1871, the Avon, Geneseo and Mt. Morris Railroad Company leased its road to the Erie Railway Company, in consideration, among other things, of the payment of six per cent annual dividends upon its stock, and agreed that the railroad commissioners of the town of Mt. Morris, which had issued bonds for the construction of the road, would transfer to a trustee of the Erie Company certain shares of such stock held by the town. The contract between the companies provided that the stock should be held by the trustee for the benefit of the Erie Company so long as it retained possession of the leased road and performed the conditions of the lease, but that in case of forfeiture of the lease and repossession of the road by the lessor company, the stock held by the trustee should become forfeited and be retransferred to the original holders thereof. The railroad commissioners, in compliance with the action of a public meeting of the inhabitants of the town and with an order of the county judge, made upon the petition of taxpayers, conveyed the town's stock to the trustee of the Erie Company, by a transfer upon the certificate, absolute in form. *Held*, that the transfer of the town's stock to the trustee did not transfer to him the full title thereto, but that, although absolute in terms, it was made under the provisions of the contract between the two companies, for the purpose of enabling the Erie Company to obtain the benefit arising from the dividends on the stock so transferred, by relieving it from paying the six per cent annually as the rental thereon; and that upon the termination of the lease or the forfeiture thereof and the repossession of the road by the lessor company, the stock would revert, and under the contract would be required to be retransferred to, the town.

2. TOWN NOT ENTITLED TO COMPEL RETRANSFER OF STOCK AND ACCOUNTING FOR DIVIDENDS BY LESSEE OF ROAD. All the steps taken in transferring the town's stock to the trustee of the Erie Company followed the public meeting which advocated the transfer; there was no fraud or concealment in the transaction; for over twenty years the town acquiesced in the transfer and took no steps to have it set aside, and the Erie Company remained in possession, operating the leased road, there having been no forfeiture of the lease or retaking of possession. *Held*, that under such circumstances, even assuming that the transfer of the town's stock was unauthorized, a court of equity was justified in refusing to grant to

the town the relief of compelling the Erie Company and its trustee to retransfer the stock to the town and to account for the dividends received thereon.

*Town of Mount Morris* v. *King*, 8 App. Div. 495, affirmed.

(Argued March 6, 1899; decided March 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 21, 1896, affirming a judgment in favor of defendants entered upon a decision of the court dismissing the complaint on the merits on trial at an Equity Term for the county of Monroe.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. A. Sutherland* for appellant. Where a party has no better or other defense than the Statute of Limitations, it should, at least, both upon the law and the facts, establish that defense with reasonable clearness and certainty. (*Corkings* v. *State*, 99 N. Y. 495.) The plaintiff never had a cause of action for the conversion of this stock. (1 R. S. [Birdseye ed.] 301–321.) The transfer of a certificate for any number of shares of stock does not, necessarily, effect a transfer of the stock itself, and no act of railroad commissioners can transfer stock belonging to a town, except under and in accordance with the statute. (*O. T. & D. Co.* v. *Price*, 87 N. Y. 542; *C. R. R. Co.* v. *Pearce*, 28 Ind. 542; *Hawley* v. *Bumagin*, 33 Cal. 394; Cook on Stockholders [3d ed.], § 14; *Arnold* v. *Suffolk Bank*, 27 Barb. 424; *Burr* v. *Wilcox*, 22 N. Y. 551.) There is no way in which the title of the town to the stock could pass from the town, except by a sale thereof for cash, upon application made by the town to the county judge, and his order. (L. 1869, ch. 907, § 5.) The statute gives validity only to a transfer made in exchange for cash. (*People ex rel.* v. *Eddy*, 57 Barb. 593; *Gould* v. *Town of Oneonta*, 71 N. Y. 298; *State of Ill.* v. *Delafield*, 8 Paige, 527; *Colt* v. *Lasnier*, 9 Cow. 320; *Moore* v. *A. L. & T. Co.*, 115 N. Y. 65; *Wetmore* v. *Porter*, 92 N. Y. 76; *Wood* v. *Board Suprs.*, 16 N. Y. S. R. 671; *Sherwood* v. *Reade*, 7 Hill, 431; *Denning* v. *Smith*, 3 Johns. Ch. 332;

*Yorke* v. *Allen*, 30 N. Y. 104.) The act of the commissioners in executing a professed transfer of the certificate was *ultra vires* and ineffectual. (*Jemison* v. *C. S. Bank*, 122 N. Y. 135 ; *New York Co.* v. *Harrison*, 16 Fed. Rep. 688.) The plea of *ultra vires* set up by the plaintiff will not defeat justice nor accomplish a legal wrong. (*Jemison* v. *C. S. Bank*, 122 N. Y. 135.) This is not an action brought to enforce any forfeiture clauses in the leases. (*Trustees* v. *Bowman*, 136 N. Y. 521 ; *Strough* v. *Board Suprs.*, 119 N. Y. 212.) This is an action brought to remove a cloud from the plaintiff's title to the stock and to require the defendants to give up and cancel that which constitutes the cloud. (*Denning* v. *Smith*, 3 Johns. Ch. 332 ; *O. T. & D. Co.* v. *Price*, 87 N. Y. 542 ; *White* v. *Price*, 39 Hun, 394.) A cloud upon one's title constitutes a continuing cause of action to which the Statute of Limitations is never a bar. (*Town of Windsor* v. *D. & H. C. Co.*, 92 Hun, 127 ; *Smith* v. *Reed*, 134 N. Y. 568 ; *Jackson* v. *Kinsey*, 28 N. Y. S. R. 394 ; *Strang* v. *Cook*, 47 Hun, 46 ; *Mayor, etc.*, v. *Lent*, 51 Barb. 19 ; *Duryea* v. *Andrews*, 58 Hun, 607 ; *Folts* v. *State*, 118 N. Y. 406 ; *Reed* v. *State*, 108 N. Y. 407 ; *Colrick* v. *Swinburne*, 105 N. Y. 503 ; *Silsby Mfg. Co.* v. *State*, 104 N. Y. 563.) The plaintiff, by subscribing for stock in the Avon, Geneseo and Mt. Morris Railroad Company and the issuing of bonds of the town in exchange for said stock, became in 1871, and has ever since remained, the owner of 250 shares of the par value of $25,000. (*White* v. *Price*, 39 Hun, 398.) This is not a case of the transfer of negotiable paper, nor even of a transfer by one having color of authority, and the good or bad faith of the defendant, or of the original transferees, has no bearing upon the legal rights of the plaintiff. (*Knox* v. *Eden Musee Co.*, 148 N. Y. 441.)

*George F. Brownell* for respondents. The transfer of the stock to Jay Gould was a valid transfer for value and Mr. Gould and the defendant were *bona fide* purchasers for value. (1 Cook on Stock & Stockholders [3d ed.], §§ 366–370 ;

*Knox* v. *Eden Musee Co.*, 74 Hun, 483 ; 7 Wait's Act. & Def. 69 ; *Potter* v. *Town of Greenwich*, 26 Hun, 326.) The plantiff is precluded from prosecuting the action upon the ground of any illegality in the transfer of the stock by reason of *laches*. (1 Pom. Eq. Juris. §§ 418, 419, 424 ; *Alvord* v. *S. S. Bank*, 98 N. Y. 599 ; *Calhoun* v. *Millard*, 121 N. Y. 69 ; *Town of Venice* v. *Breed*, 65 Barb. 597.) Assuming that the transfer to Gould was illegal, the Statute of Limitations pleaded by the defendant forms a perfect answer and defense to the action. (Angell on Lim. 193, §§ 187, 190 ; *Higgins* v. *Crouse*, 63 Hun, 134 ; *King* v. *Mackellar*, 109 N. Y. 215 ; *Ganley* v. *T. C. Nat. Bank*, 98 N. Y. 487 ; *Fry* v. *Clow*, 50 Hun, 574 ; *Mills* v. *Mills*, 115 N. Y. 80 ; *Middleton* v. *Twombly*, 30 N. Y. S. R. 279 ; *Woods* v. *Suprs. of Madison Co.*, 136 N. Y. 403 ; *Strough* v. *Suprs. of Jefferson Co.*, 119 N. Y. 212 ; 113 N. Y. 128 ; *Matter of Mayor, etc., of N. Y.*, 27 N. Y. S. R. 188 ; *Town of Venice* v. *Breed*, 65 Barb. 597.) The plaintiff cannot avoid the Statute of Limitations by taking the position that it is the owner and holds the title to the stock in question ; that the certificate held by the defendants is a cloud upon its title, and that this is an action to remove such cloud against which the statute does not run so long as the cloud exists. (Morawetz on Corp. [2d ed.] §§ 190, 224, 225 ; *Grymes* v. *Hone*, 49 N. Y. 17 ; *Walsh* v. *Sexton*, 55 Barb. 251 ; *Kortright* v. *B. C. Bank*, 20 Wend. 91 ; 22 Wend. 348 ; *McNeil* v. *T. Nat. Bank*, 46 N. Y. 325 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30.) There is no allegation in the complaint that the stock was transferred illegally or *ultra vires*, and relief should not be granted to the plaintiff on those grounds. (*Phœnix B. Co.* v. *Keystone B. Co.*, 142 N. Y. 425.) The Avon, Geneseo and Mt. Morris Railroad Company is a necessary party to the action. (*Osterhoudt* v. *Bd. Suprs.*, 98 N. Y. 239.)

HAIGHT, J.   This action was brought to compel the defendants to execute a proper assignment of a certificate of two

hundred and fifty shares of stock of the Avon, Geneseo & Mt. Morris Railroad Company to the plaintiff, to surrender up such certificate and to account for the dividends received thereon.

The undisputed facts are, in substance, as follows: The Avon, Geneseo. & Mt. Morris Railroad Company and the Erie Railway Company were each a railroad corporation engaged in the management of a railroad. The town of Mt. Morris had issued bonds in aid of the construction of the Avon, Geneseo & Mt. Morris railroad to the amount of $25,000, and had received therefor two hundred and fifty shares of the stock of the railroad company of the par value of $25,000. During the fall of 1871 negotiations were pending between the Avon, Geneseo & Mt. Morris Railroad Company and the Erie Railway Company for the lease of the railroad of the former company to the latter. For the purpose of inducing the Erie Railway Company to rent the Avon, Geneseo & Mt. Morris railroad and extend the same so as to connect with the Erie & Genesee Valley railroad in the town of North Dansville, Livingston county, the Avon, Geneseo & Mt. Morris Railroad Company agreed that, upon making the lease, the railroad commissioners of the town of Mt. Morris would transfer to the Erie Railway Company the two hundred and fifty shares of stock owned by them for the town. The agreement was finally consummated on the 27th day of December, 1871, in which the Erie Railway Company, in consideration of the provisions of the lease and of the transfer to Jay Gould, as trustee of the Erie Railway Company, of the stock in question, agreed to pay or cause to be paid yearly, as rental for the premises, the sum of $13,500 payable in half-yearly payments, amounting to six per cent per annum on the capital stock of the Avon, Geneseo & Mt. Morris Railroad Company, such payment to be made to the registered holders of the stock as shown by the stock books of the company ; and, in addition, to pay the taxes, ordinary and extraordinary, and in addition thereto to pay the interest on the outstanding mortgage bonds of the company

amounting to $20,000 and the principal of the bonds when they shall become due and payable. With reference to the two hundred and fifty shares of the stock belonging to the town of Mt. Morris, which, by the terms of the agreement, were to be transferred to Jay Gould, as trustee for the Erie Railway Company, the contract provided that such stock " shall be held by the said trustee for the benefit of the party of the second part (which was the Erie Railway Company) so long as the second party shall retain possession of the said demised premises and continue to perform the conditions of this agreement and lease; but in case of the forfeiture of this lease and the repossession of the said demised premises by the party of the first part (the Avon, Geneseo & Mt. Morris Railroad Company), then, and it is hereby mutually agreed that in that case, the said capital stock of said Avon, Geneseo & Mt. Morris Railroad Company held by said trustee shall become forfeited and shall be retransferred to the original holders thereof." Before the transfer of the stock of the town herein provided for was made, a public meeting was held in the town, largely attended, for the purpose of considering the subject of the sale of the stock, and it was there stated and understood by the inhabitants of the town, including the officials of the town, that the stock was to be transferred to the Erie Railway Company as a part consideration to said company for taking the lease and assuming the operation of the Avon, Geneseo & Mt. Morris railroad; and, thereupon, a vote was taken in which the transfer was authorized with but one dissenting vote; that thereafter a petition was presented to the county judge of the county signed by a majority of the taxpayers of the town, representing a majority of the taxable property thereof as shown by the last preceding tax roll, asking for an order permitting the railroad commissioners to sell the stock, and thereupon an order of the county judge was made authorizing the commissioners to sell the stock, as in their judgment might be for the best interests of the town. Upon the receipt of such order by the railroad commissioners they executed a transfer to Jay Gould, as trustee of the Erie

Railway Company, upon the certificate of the stock, absolute in terms, conveying the stock to him as such trustee. The defendant, Eben B. Thomas, is the president of the New York, Lake Erie & Western Railroad Company, which is the successor in interest to the Erie Railway Company, and is the holder of the stock in the place of Gould. This action was commenced on the 23d day of June, 1892.

Our views differ somewhat from those entertained by the trial court with reference to the conclusions of law. The first conclusion of law found is to the effect that the transfer of the stock to Gould was intended to, and did transfer to him the full title thereof. We think that the transfer, although absolute in terms, was made and accepted under the provisions of the contract between the Avon, Geneseo & Mt. Morris Railroad Co., and the Erie Railway Co.; that under the provisions of that contract the transfer was made for the purpose of enabling the Erie Railway Company to obtain the benefits arising from the dividends, or, in other words, to relieve it from paying the six per cent annually as the rental thereon, which, by the terms of the contract, was payable to the other stockholders of the company, and that, upon the termination of the lease or the forfeiture thereof and the repossession of the railroad by the Avon, Geneseo & Mt. Morris Railroad Co., the stock in question would revert, and under the contract would be required to be retransferred, to the town.

With reference to the other conclusions of law found by the trial court, we prefer to adopt the views entertained by the learned Appellate Division. It is contended on behalf of the appellant that, notwithstanding the order of the county judge, the transfer made by the railroad commissioners of the town was unauthorized. We do not deem it necessary to now discuss or determine this question. For, assuming that the transfer was unauthorized, it appears that more than twenty years had intervened after the transfer before this action was brought; a town meeting had been held which was largely attended by the taxpayers of the town, together with the town

officers, at which a vote had been taken with but one dissent-
ing voice, favoring a transfer of the stock.   After this a
majority of the taxpayers, representing a majority of the tax-
able property of the town, petitioned the county judge to
authorize the transfer.   The order was made and the commis-
sioners made the transfer.   The Avon, Geneseo & Mt. Morris
railroad was of but a few miles in length, constructed from a
point on the Erie railway at Avon to the town of Mt. Morris.
The Erie railway was one of the trunk lines extending
through the state from New York to Buffalo, having numer-
ous connections with western lines.   It is very evident that
the people of Mt. Morris were desirous of having their road
not only connected with the Erie system, but run and operated
by it, and for the purpose of securing this result they were
willing to surrender their claim for dividends arising upon the
stock held by the town.   There was no fraud nor concealment
in the transaction.   On the contrary, all of the steps taken in
the transaction followed the public meeting held in the town,
in which the matter was fully discussed.   For over twenty
years the town acquiesced in the transfer made and took no
steps to have it vacated or set aside.   Under such circum-
stances, we think that a court of equity, in the exercise of the
judgment and discretion vested in it, properly refused the
relief demanded by the plaintiff in its complaint.

    It appears that the defendants are still in possession and
operating the railroad, and that the Avon, Geneseo & Mt.
Morris Railroad Company has not retaken possession thereof.
It follows that there can be no recovery upon the ground of
a forfeiture of the lease by the defendant, for the reason that,
under the contract, the agreement to retransfer the stock to the
town was dependent upon a forfeiture of the lease and retak-
ing of possession of the road by the Avon, Geneseo & Mt.
Morris Railroad Company.

    The judgment should be affirmed, with costs.
    All concur (MARTIN, J., in result).
    Judgment affirmed.