Charles Salmon and Others, as Water Commissioners of the Summerville Water District, Irondequoit, Monroe County, New York, Plaintiff, *v.* Rochester and Lake Ontario Water Company, Defendant.

Supreme Court, Monroe Equity Term, January, 1923.

Injunctions — contract for the purchase of water for supplying township district — when contract not authorized under proceedings taken — breach of contract by company supplying water — rights of water commissioners to bring action for an injunction restraining water company from discontinuing the supply of water — Town Law.

Defendant, a water company, prepared a contract for supplying water to a certain portion of a township and submitted the same to the people of the district. The water district was established, commissioners appointed, and the contract made and executed pursuant to proceedings taken under sections 282–298 of the Town Law. Upon the execution of the contract defendant commenced to supply water thereunder and continued to do so until August 10, 1921, when it served notice on plaintiffs as water commissioners that it would on a certain day cancel the contract and shut off the water unless the persons authorized by law would enter into a new contract at increased rates. The contract had not expired by its terms and is still in force.

Plaintiffs, as water commissioners, sued for an injunction. Defendant at the trial moved for judgment on plaintiffs' opening and on the complaint. Trial was suspended pending decision on defendant's motion.

In denying defendant's motion, *held*, that although the provisions of sections 282–298 of the Town Law apply to the construction of a water works system and not to the purchase of water and that the contract was unauthorized as the power to purchase water cannot be inferred from a grant of power to erect water works, in a statute in which elsewhere is found express authority for the exercise of the same powers, although in different manner, and that the town is not bound by the contract and has no rights under it, yet an unauthorized contract made by its officers may be ratified by a town, in case it could have authorized it in the first instance, and the plaintiffs as public officers have authority from the common law to bring this action and it is their duty to bring the contract into court as such power is not lodged in any other person or body, and that they have alleged a good cause of action and need not plead estoppel by reply or otherwise.

Suit for an injunction.

*J. Frank Morse,* for plaintiffs.

*Clarence W. McKay,* for defendant.

Thompson, J. At the trial defendant moved for judgment on plaintiffs' opening and the complaint. By agreement the trial was then suspended so that the questions involved might be examined and submitted.

Plaintiffs sue in equity for an injunction to restrain defendant from discontinuing supplying water under a contract which defend-

ant here attacks as invalid, on the ground, *first,* lack of power on the part of plaintiffs to make it; and *second,* if it be claimed that it was made by authority of an implied power, then that it was void because made for more than five years. Defendant also challenges plaintiffs' capacity to sue.

The complaint alleges the due establishment of the water district and the proper appointment and qualifying of the commissioners. It further alleges that all of the proceedings thereon were made in contemplation of the contract afterwards entered into, and in pursuance of a tentative agreement therefor with defendant; that, with full knowledge of all of the circumstances, defendant prepared a contract which it would be willing to enter into after the establishment of the water district and appointment of commissioners, and submitted the same to the people of the district; after which the district was organized, commissioners appointed and qualified; the system completed; the proposed contract signed, and defendant at once commenced to supply water thereunder and continued to do so until about August 10, 1921, when it served a written notice on plaintiffs that it would on September 10, 1921, cancel said contract, shut off the water and decline to furnish more, unless the persons authorized by law would enter into a new contract at increased rates, although said contract had not expired by its terms, and was at all times in full force and effect, and still is. It seems that the time of shutting off the water was extended to September 20, 1921, by a further written notice.

On submission plaintiffs seek to justify the contract on the theory of implied powers, and further claim that defendant, having been a party to the formation of the district, and having had notice of all of the proceedings taken, all of which were induced by their tacit agreement and approval, and having executed the contract prepared and offered by it, upon which the people of the district relied and proceeded, and having operated under it and accepted its benefits, including its provisions for renewal, is estopped from attacking its validity for any reason or purpose, and, as well, the authority of the commissioners to bring the action. Defendant denies the estoppel, and urges the lack of power of plaintiffs to make, enforce or ratify the contract.

Towns, the existence and power of which depend wholly upon the will of the legislature, and not at all upon the common law, can only contract as authorized by statute. Rarely are they subject to suit, mandamus against its officers being the usual remedy for enforcing their legal obligations. *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318, 322.

A town is authorized to contract with a waterworks company

to supply water to it as a whole or to parts of it. Town Law, § 270; Transp. Corp. Law, § 81.

For some cause, it may have been because the town hesitated to bind itself, or that the time limitation mposed was thought to be too short, it was decided not to arrange this business under these very appropriate provisions.

Plaintiffs' reasons for not proceeding under section 281 of the Town Law, which provides for the establishing of a water supply district, and contains no provision for the appointment of commissioners, are, however, obvious, that section being applicable only to cases where the contract is to be made with a village owning its own waterworks.

So, the proceedings here were taken, the district established, the commissioners appointed and the contract made, under sections 282–298 of the Town Law, which provide for the establishment of a water district and the appointment of commissioners.

The purpose and authority of these sections is the *construction of a waterworks system.* Not only is this the only construction possible to be put upon the language of the sections standing alone, but so they must be taken when read with the other provisions of the article. For in them is found appropriate, ample and accurate provision for every other conceivable way in which a town can arrange for a water supply for its inhabitants, as a town or by district. Town Law, art. 13; *People ex rel. Farley* v. *Winkler,* 203 N. Y. 445, 450; *Bull* v. *N. Y. City R. Co.,* 192 id. 361.

We come then to the question, have commissioners appointed and acting under these sections implied power to make a contract for the *purchase of water* from a waterworks company for the use of their district?

The fundamental rule of statutory construction is, that to ascertain and give effect to the intention of the legislature, the act must be construed with reference to the object intended to be accomplished by it, and whatever is necessary or plainly implied is as much a part of it as that which is expressed. But a statute should not be extended beyond the fair and reasonable meaning of its terms.

And " The grant of a specific power or the imposition of a definite duty confers by implication authority to do whatever is necessary to execute the power or perform the duty." 36 Cyc. 1113.

But when the statute completely provides for what purpose and in what manner a public corporation may contract, no implied power to contract exists. 2 Page Cont. (1st ed.) 1588.

So we find that under a charter provision authorizing the appointment of water commissioners when the city became the " owner "

of a water supply or should decide to construct a system of water-works, the city may appoint water commissioners at a salary, where it "leases" a water plant, the ground of the holding being that the word "owner" is used in the sense that the city should have control of the water supply. *Higgins* v. *City of San Diego,* 131 Cal. 294.

A city can rent hydrants of a water company for municipal purposes, where its charter authorized it to construct waterworks, etc. *City of Austin* v. *Bartholomew,* 46 C. C. A. 327; 107 Fed. Rep. 349; writ of certiorari denied, 183 U. S. 698.

And where a city charter contains express power to *erect* water-works, it gives the city the right to confer a franchise on a private owner. *Andrews* v. *National Foundry & Pipe Works,* 10 C. C. A. 60; *State of Florida ex rel. Ellis* v. *Tampa Waterworks Co.,* 56 Fla. 858; 19 L. R. A. (N. S.) 183, 184, and note; 27 R. C. L. 1413, 1414.

So in an action by water commissioners for their salary under an act providing "The said water commissioners, for the first year after the commencement of the construction of waterworks, as hereinafter prescribed, shall each receive * * *," and a waterworks plant was purchased but never constructed, the court held that the legislature intended that they should be paid if they *devised* a water system, and gave them judgment. *Schermerhorn* v. *City of Schenectady,* 50 Hun, 331; affd., 121 N. Y. 651.

But a grant of a specified power does not confer analogous powers not granted, and the only authority going with the grant is for the doing of the things necessary to carry its express power into execution. Thus, power to provide water and light confers power to construct and acquire plants and make the necessary contracts therefor. Power to build confers power to contract therefor, and power to abate nuisances gives authority to contract to remove garbage. 2 Page Cont. 1590.

When there is a fair, reasonable and substantial doubt concerning the existence of an alleged power in a municipality, the power should be denied. *Matter of City of New York (Piers Old Nos. 8-11),* 228 N. Y. 140.

In my view this contract was not authorized. The power to purchase water cannot be inferred from a grant of power to erect a waterworks, in a statute in which elsewhere is found express authority for the exercise of the same powers, although in different manner.

There is no rule or reason requiring or permitting the reading into a statute of something already there.

It is also true, as defendant's counsel claims, that if this contract

was *ultra vires* it could not be ratified. Equally so is it that an unauthorized contract, made by its officers, may be ratified by a town, in case it could have authorized it in the first instance. *Albany City Nat. Bank* v. *Albany*, 92 N. Y. 363.

But the claim of estoppel is another matter.

A municipality may itself be estopped from raising the unconstitutionality of a statute, or that a contract is against public policy. If the subject-matter of its action is not *ultra vires*, illegal or prohibited, the defense of estoppel is available against it in a proper case. *Hackett* v. *Ottawa*, 99 U. S. 86; *Beadles* v. *Smyser*, 209 id. 393; 10 R. C. L. 709; 19 id. 1065.

Likewise acquiescence is a defense in such cases. " Where a person with actual or constructive knowledge of the facts induces another by his words or conduct to believe that he acquiesces in or ratifies a transaction, or that he will offer no opposition thereto, and that other, in reliance on such belief, alters his position, such person is estopped from repudiating the transaction to the other's prejudice. And this is so regardless of the particular intent of the party whose acquiescence induces action." 21 C. J. 1216.

In the case of *Town of Mt. Morris* v. *Thomas* the plaintiff sought to compel defendants to return 250 shares of railroad stock claimed to have been unlawfully transferred by the town to defendants. A court of equity refused the relief; the Appellate Division of this department affirmed, and the Court of Appeals affirmed the Appellate Division in an opinion by Judge Haight, who said in part: " It is contended on behalf of the appellant that * * * the transfer * * * was unauthorized. We do not deem it necessary to now discuss or determine this question * * *. For over twenty years the town acquiesced in the transfer made and took no steps to have it vacated or set aside. Under such circumstances, we think that a court of equity, in the exercise of the judgment and discretion vested in it, properly refused the relief demanded by the plaintiff in its complaint." *Town of Mt. Morris* v. *Thomas*, 158 N. Y. 450, 456.

In such case equity will not hear the other party to the contract to assert the plea of *ultra vires* the municipality.

Plaintiffs have authority to bring this action. They are not a municipal or a *quasi* municipal corporation.

They are public officers, and as such have an implied authority as incident to their offices to bring all suits which the proper and faithful discharge of their official duties require. 29 Cyc. 1447.

And this is the rule in the state of New York to-day. *Looney* v. *Hughes*, 26 N. Y. 514; *People* v. *Supervisors of N. Y.*, 32 id. 477.

They have their authority from the common law, and in the

absence of statute they may bring any suit necessary to the accomplishing of the business of their office. The town cannot bring this action. Town Law, § 11.

The plaintiffs are not its agents and it is not bound by this contract. It, therefore, has no rights under it. *Holroyd v. Town of Indian Lake, supra.*

They have authority and it is their duty to bring this contract to court, because in no other body or person are such powers or duties lodged. Nor does the Court of Appeals say contrary in the *Winkler* case: "We hold that they [the water commissioners] are liable * * * because the inference of their liability seems to be the only rational one to be drawn from the fact that *no one else is liable.*" Substituting the word "authorized" for the word "liable" in the above quotation we have the holding made applicable to the one at bar.

Neither does the fact that it was held there that "the ends of justice can be quite as fully subserved by mandamus and certiorari as in actions at law," affect the question. There can be no mandamus against defendant here. This action is the only one proper in the circumstances. It is of necessity, therefore, as well as by precedent, that plaintiffs' claim of right and propriety in being here is sustained. *People ex rel. Farley v. Winkler, supra,* 452; *Tuma v. Piepenbrink,* 77 Misc. Rep. 357.

I, therefore, conclude that plaintiffs have capacity to bring this action and have alleged a good cause of action here.

Neither by reply or otherwise are they required to plead estoppel. Civ. Prac. Act, §§ 243, 274. See, also, concurring opinion of Houghton, J., in *Feinberg v. Allen,* 143 App. Div. 866, 868. And see same case affirmed by Court of Appeals, 208 N. Y. 215.

Motion denied.

Ordered accordingly.