FRED A. HOLROYD et al., Appellants, *v.* THE TOWN OF INDIAN LAKE, Respondent.

TOWNS — NOT LIABLE FOR BREACH OF CONTRACT MADE BY WATER COMMISSIONERS UNDER CHAPTER 451, LAWS OF 1900 — RELATIVE DUTIES OF TOWN OFFICERS AND COMMISSIONERS CONSIDERED.   An action at law cannot be maintained against a town to recover unliquidated damages for an alleged breach of a contract, made by water commissioners appointed under the act authorizing the establishment of water districts in towns (L. 1900, ch. 451) for the construction of a water plant in accordance with the provisions of the act, for the reason that the contract is not made by the town and is not for its benefit; its duty is to raise the money in the manner specified and pay it over to the commissioners, upon whom is placed the duty of constructing the plant and managing it after its construction; and it is their duty to expend such portion as may be necessary for the settlement of their contracts.   The duties of both are ministerial, and performance may be enforced by mandamus in cases of non-action and by certiorari in cases of erroneous action.   The statute fully considered and the duties of town officers and the commissioners appointed thereunder specifically pointed out.

*Holroyd* v. *Town of Indian Lake*, 85 App. Div. 246, affirmed.

(Argued January 12, 1905; decided January 24, 1905.)

APPEAL from a judgment entered July 11, 1903, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and directed that said complaint be dismissed.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. W. Atkinson* for appellants.   The water commissioners of the water district of Blue Mountain lake are the officers,

agents and servants of the town of Indian Lake. (L. 1900, ch. 451, § 1; *Fleming* v. *Village of Suspension Bridge*, 92 N. Y. 372; *King* v. *Village of Randolph*, 28 App. Div. 28.) A town is a municipal corporation and can sue and be sued upon a contract. (N. Y. Const. art. 8, § 3; *Lorillard* v. *Town of Monroe*, 11 N. Y. 393; *People ex rel.* v. *Town Auditors*, 49 App. Div. 4; *Kennedy* v. *County of Queens*, 47 App. Div. 250.) This action will lie against the town, because it is a claim of which the town board of audit has no jurisdiction. (*Marsh* v. *Town of Little Valley*, 64 N. Y. 112; *People ex rel.* v. *Town Auditors*, 74 Hun, 83.)

*J. A. Kellogg* for respondent. An action cannot be maintained against the town for an unliquidated claim on contract. (*Bell* v. *Town of Esopus*, 49 Barb. 506; *Marsh* v. *Town of Little Valley*, 1 Hun, 554; 64 N. Y. 112; *Sherman* v. *Town of Hamburg*, 8 Hun, 643; *Malloy* v. *Town Board of Health of Mamaroneck*, 60 Hun, 422; *People ex rel.* v. *Barnes*, 114 N. Y. 317; *P. J. W. W. Co.* v. *Vil. of Port Jervis*, 151 N. Y. 111; *Kennedy* v. *County of Queens*, 47 App. Div. 250; *People ex rel.* v. *Coler*, 48 App. Div. 492; *Colby* v. *Town of Day*, 75 App. Div. 211; *Bragg* v. *Town of Victor*, 84 App. Div. 83; *Goodfriend* v. *Town of Lyme*, 90 App. Div. 334.) The contract does not purport to have been made on behalf of the town by any authorized officer thereof. (*B. C. Institute* v. *Bitter*, 87 N. Y. 250; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Greeff* v. *E. L. Assur. Society*, 160 N. Y. 19; *Kittinger* v. *B. T. Co.*, 160 N. Y. 377; *Shantz* v. *Oakman*, 163 N. Y. 148; *Black* v. *H. M. L. Ins. Co.*, 47 Hun, 210.) The water commissioners of the Blue Mountain lake water district had no authority to make a contract which would make the town of Indian Lake liable in damages for its breach. (L. 1890, ch. 569, § 180, subd. 5.)

VANN, J. This is an action at law, brought to recover unliquidated damages from the defendant, a town in Hamil-

ton county, for the alleged breach of a contract made by the plaintiffs with certain water commissioners appointed under chapter 451 of the Laws of 1900, for the construction of a water plant in accordance with the provisions of said act.

The question presented by the appeal is raised by a demurrer interposed to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. That question depends upon the construction of said statute, which is a general act, entitled " An Act authorizing the establishment of water districts in towns." The object of the act is to enable a majority in number and value of the resident owners of real estate in the proposed district to compel the construction of a water plant in order to store and distribute water among the inhabitants thereof. It authorizes the town board of any town, upon a petition duly signed and acknowledged by a majority in number of the resident owners representing a majority in value of the real estate owned by residents of the proposed district, to create a water district wholly within the town and appoint water commissioners, who have power to advertise for proposals and enter into contract for the construction of the plant. (§§ 1–5.)

Immediately after letting the contract the commissioners are required to give written notice to the town board "specifying the amount of such contract or contracts and the amount of money needed for the construction of such water system." Thereupon, as the statute further provides, "it shall be the duty of the town board to raise the money necessary by the issue and sale of bonds as provided in this act." (§ 6.) The bonds, signed by the supervisor and attested by the town clerk, must bear interest at a rate not exceeding five per cent and must mature at convenient intervals within twenty years after they are issued. They are to be sold " on sealed proposals or at public auction," after due advertisement, for not less than par. They are made " a charge upon the town " but are to " be collected from the property within the water district." (§ 7.)

The water commissioners are required each year to appor-

tion the amount to be raised for the payment of the principal and interest of the bonds, upon the taxable property in the water district according to the last assessment roll and present a statement thereof to the town board on the Thursday preceding the annual meeting of the board of supervisors. The statement must give the names of the persons liable to pay and the amount chargeable to each. The town board is to transmit the statement to the board of supervisors at its ensuing annual meeting and they are required to levy the amount against the property liable and place it in a separate column in the annual tax roll under the name of "water tax." When collected the money is paid to the supervisor and is applied by him in payment of the bonds and the interest thereon. (§ 8.) The statute contains many other provisions relating to administrative details, but we have stated enough to show the object of the act and the method of carrying it into effect.

By appropriate allegations the complaint sets forth the creation of a water district at Blue Mountain lake in said town and the appointment of commissioners, who, "on behalf of the water district," entered into contract with the plaintiffs for the construction of a water plant for the sum of $13,000, which is less than the maximum amount proposed by the petition to be expended in the construction of the water system. Payments were to be made upon the certificate of the engineer appointed by the commissioners. The plaintiffs allege due performance of the contract on their part and the breach thereof by the defendant in that it refused to pay the amount called for by the agreement or any part thereof. Without stating in detail the allegations of the complaint, and disregarding the claim that the contract was broader than the statute authorized, it is sufficient to admit for the purpose of discussion that a cause of action is set forth against the defendant, provided the town is liable upon the contract of the water commissioners in an action at law brought to recover the stipulated price for the construction of the water plant. The Special Term overruled the demurrer, but the Appellate Division sustained it and dismissed the complaint.

21

While the towns of our state are municipal corporations, they have limited corporate powers and can make no contract except as authorized by statute. They are rarely subject to an action at law, and the usual method of enforcing a legal obligation against them is by a writ of mandamus issued against the officers of the town to compel them to act as required by law. The existence and power of a town depend to no extent upon the common law, but wholly upon the will of the legislature. Being created for definite public purposes and clothed with power adequate to effect those purposes only, the acts of its officers within the scope of their powers bind the town, but no other act has any binding force. The town board, composed of the supervisor, town clerk and two or more justices of the peace, is authorized to audit, allow or reject all charges, claims and demands against the town. (Town Law, L. 1890, ch. 569, § 162.) Town charges, as enumerated in section 180 of the last act cited, include no liability of the kind alleged in the complaint. A town may be sued, or prosecuted by special proceeding as the case may require, upon " a contract lawfully made with any of its town officers * * * or for any liability of the town for any act or omission of its town officers." (§ 182.)

The contract in question was not made by the town or by its officers or for its benefit. It was made by the water commissioners of a water district, who are not town officers proper, such as are named in the Town Law. Their powers are limited to the construction and management of a water plant for the exclusive benefit of the water district. They do not act for the town, and no action on their part can make the town liable. The statute, however, lends the credit of the town to the water district in order to raise money to pay for the water plant, but the bonds issued by the town for that purpose, although its obligations, are not paid by it, but by taxes levied upon the property of the district through the board of supervisors. The statute requires the water commissioners, after they have made a contract for the construction of the plant, to notify the town board of the amount

required to discharge the obligation. It then becomes the duty of the town board to issue bonds and raise the sum needed, but the statute does not authorize the town board, or any town officer, to expend the money. The town board raises the amount needed to meet the contracts made by the water commissioners, who are required to give an undertaking running to the town in such sum and with such sureties as the town board shall direct. New undertakings with larger penalties may be required from time to time as they become necessary. (§ 5.)

While the statute does not say in terms that the money thus raised is to be paid over to the water commissioners, we think that is the intention of the act as gathered from the duties of the water commissioners when contrasted with the duties of the officers of the town. They are charged with the duty of constructing the plant. They have the power of condemnation to acquire the necessary lands and may adopt ordinances to enforce the collection of water rents and regulate the use of water. The water system is not only to be built by them, but it is to be managed by them after it is built. It does not belong to the town, but to the district. Being authorized to make the contracts, the commissioners are impliedly authorized to pay the contractors out of moneys raised by the town board for the purpose. The town has no power to build the plant, which is wholly beyond its jurisdiction and control. It has no right to use it or regulate it or collect the rents. It does nothing but lend its credit to the district and in effect it is given a lien upon the taxable property of the district as security, with power to enforce it by taxation in the usual way. The town is not responsible for the acts of the water district which it creates, any more than the state is liable for the action of the town which it creates. The cases relied upon by the appellants, which relate to public improvements made, owned and controlled by ordinary municipal corporations, do not apply. The water district is not created for the town, but for a district in the town. The town officers have nothing to do with the construction of the plant. They neither con-

tract for the work, nor supervise it. They do not know when the contract is performed, or payments become due. The water commissioners, on the other hand, are presumed to know the exact situation of affairs, for they do everything except raise the money. The engineers and inspectors, employed by them under the authority of the statute, report to them, not to the town board or to the town officers. (§ 10.) The commissioners who make the contract use the money raised by the town board for the benefit of the district, to pay the amount required by the contract. As the statute does not expressly direct who shall expend the money, the power must be implied and the implication in favor of the water commissioners, following the analogy of water systems in cities and villages, springs from the comprehensive and exclusive nature of their other powers.

No action at law will lie against the town, because the contract is not made by the town and is not for its benefit. The duty of the town board and the town officers is simply to raise the money in the manner specified and pay it over to the commissioners upon whom is placed the duty of constructing the plant and managing it after its construction. The duties of both are ministerial and performance may be required by mandamus. If, after the contract has been made by the water commissioners, they fail to notify the town board of the amount required to discharge the obligation, they can be compelled by mandamus to do so. If, upon the receipt of the notice, the town board fails to issue the bonds and raise the money, mandamus will lie to compel it to act in accordance with the requirements of the statute. So, when the time is ripe for any action on the part of any officer of the town or district and he refuses to act, he can be compelled to act by a writ of mandamus. A right of review by writ of certiorari is provided in case he acts, but does not act in accordance with law. The remedy of the plaintiffs is not by an action at law against the town, but by one or more special proceedings as the case may require to compel the action required by the statute. A town, as we have seen, cannot be sued except for

an obligation of the town, and the contract set forth in the complaint is not such an obligation. If a judgment could be recovered against the town upon that contract it would be collected through taxes levied upon the taxable property of the town at large, whereas the statute requires that the cost of the water plant shall be paid through taxes levied upon the property in the water district only. (Town Law, § 180; L. 1900, ch. 451, §§ 7, 8.) While the credit of the town is pledged for the payment of the bonds and so far as the bondholder is concerned the property of the town is liable as upon a town obligation, still the town can require the money needed to pay the bonds to be raised in advance by taxes laid exclusively upon the property in the water district. It can thus meet the bonds as they mature without inconvenience to itself, or any increase in the amount of its budget. The town, in effect, is made the fiscal agent of the district, with power to compel reimbursement in time to pay the bonds given to secure the money advanced.

We have not considered the question whether the statute violates the Constitution, because it is unnecessary, and the rule of courts is not to decide such questions unless the case requires it. (Const. art. 8, § 10.) We have simply pointed out the theory of the act as we understand it, and if we have construed it correctly, it is obvious that the action of the Appellate Division in sustaining the demurrer and dismissing the complaint was proper and should be affirmed.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Judgment affirmed, with costs.