THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN M. FARLEY, Appellant, *v.* MAX WINKLER et al., Constituting the Board of Water Commissioners of the Town of Harrison, District No. 1, Respondents.

Water commissioners — not quasi corporations but administrative officers — remedy for breach of contract is by mandamus or certiorari.

1. As a quasi corporate capacity is not essential to the proper conduct of such an office as that of district water commissioner, the courts should not hold that it exists where the legislature has not spoken upon the subject.

2. As district water commissioners are not quasi corporations, but only administrative officers with power to make contracts in their official name and capacity, and intrusted with funds to meet them, and as they are not agents of the town or district and are not personally liable upon their official contracts, they cannot be sued in actions at law.

3. For an alleged breach of a contract made by such commissioners, or for a failure to pay any debt incurred by them in their official capacity, the writ of mandamus is, therefore, the only appropriate remedy to compel action on their part, and the writ of certiorari may be invoked where such action is challenged as unlawful.

*People ex rel. Farley* v. *Winkler*, 146 App. Div. 314, reversed.

(Submitted November 22, 1911; decided December 5, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 11, 1911, which reversed upon the law an order of Special Term granting a motion for a peremptory

# 446 PEOPLE EX REL. FARLEY v. WINKLER.

writ of mandamus to compel the defendants to audit a claim of the relator for services, and denied said motion. The facts, so far as material, are stated in the opinion.

*Robert E. Farley* and *William L. Rumsey* for appellant. The Appellate Division erred in reversing the order granting the writ of mandamus. (*Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318; *Swift* v. *Mayor, etc.*, 83 N. Y. 528; *Davidson* v. *Vil. of White Plains*, 197 N. Y. 266; *Miller* v. *Bush*, 87 Hun, 507; *Gardner* v. *Bd. of Health*, 10 N. Y. 409; *Appleton* v. *Water Comrs.*, 2 Hill, 432; *People ex rel. Pennell* v. *Treanor*, 15 App. Div. 508.)

*Henry C. Henderson* for respondents. The writ of mandamus will not be granted where the relator has an adequate remedy at law. (*People ex rel.* v. *Crennan*, 141 N. Y. 239; *Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318; *Todd* v. *Birdsall*, 1 Cow. 260; *Town of Fishkill* v. *Plank Road Co.*, 22 Barb. 634; *Town of Gallatin* v. *Loucke*, 21 Barb. 578; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 310.) No public officer can be compelled by mandamus to do any act which the law does not require him to do. (*People ex rel.* v. *Supervisors*, 65 Hun, 263; *People ex rel.* v. *Rice*, 129 N. Y. 391.)

WERNER, J. The relator, a supervising civil engineer, was retained in that capacity by the respondents as water commissioners of district No. 1 in the town of Harrison in the county of Westchester, to superintend and inspect the construction of a water system in the district mentioned. The relator served for a time as such engineer, and had been paid the larger part of his stipulated compensation, when a dispute arose between him and the commissioners, as the result of which he resigned, and they refused or at least neglected to pay him the balance

which he claimed to be due him for such services.    Thereupon the relator instituted this proceeding to procure an order for a writ of mandamus directing the respondents either to audit or reject the claim.    Such an order was made by Mr. Justice KEOGH at Special Term.    From that order an appeal was taken to the Appellate Division of the second department, which resulted in a reversal of the order of the Special Term.    As this reversal was upon the law, and not as a matter of discretion, the appeal to this court presents a question which we must review.

At Special Term the learned justice granted the writ on the authority of *Holroyd* v. *Town of Indian Lake* (180 N. Y. 318).    In that case the contractor sought to recover unliquidated damages for an alleged breach of a contract under which he had constructed a water system in a water district established in the town of Indian Lake in the county of Hamilton.    A demurrer was there interposed to the complaint, on the ground that the latter pleading did not state facts sufficient to constitute a cause of action.    The demurrer was overruled at Special Term, but the Appellate Division reached a different conclusion, sustaining the demurrer and dismissing the complaint.    Upon appeal to this court the decision of the Appellate Division was affirmed upon the explicit ground that the plaintiff in that case had no cause of action against the town, and, in the opinion written for the court by VANN, J., it was suggested that Holroyd's appropriate remedy was by writ of mandamus against the district water commissioners, to be followed by proceedings in certiorari if a review was necessary.    It was this latter suggestion of Judge VANN in *Holroyd's* case that was followed by the Special Term in the case at bar and disregarded by the Appellate Division upon the theory that, in *Holroyd's* case, this court had actually decided nothing more than that an action could not be maintained against the town.    Proceeding upon that assumption the Appellate Division has held that an action

at law may be brought against the water commissioners as a quasi corporation, which may sue and be sued upon all contracts and obligations arising out of the purposes of its creation.

Admitting for the purposes of this discussion that the Appellate Division has correctly assumed that the only question actually decided in *Holroyd's* case was that the plaintiff there was not entitled to maintain an action against the town, we are now called upon to determine whether we shall adopt the suggestions of Judge Vann in that case, to the effect that mandamus and certiorari against district water commissioners are the proper remedies in such a case as this, or whether we shall sustain the Appellate Division in holding that an action at law may be maintained against them.

The question thus presented is very narrow and not free from difficulty. If we should accept the premise that the respondent water commissioners constitute a quasi corporation, the conclusion would seem to follow that they can sue and be sued in their corporate capacity. But it is common knowledge that in recent times in this country there has been a constantly growing tendency to create a variety of commissions, so called, for the purpose of administering special governmental functions, whose powers and duties are sometimes very specifically enumerated in the statutes creating them, and in many other instances, as in the case before us, are left largely to implication from the character of the general purpose for which they were created. All of these products of modern legislation bear some analogies to the offices and institutions which, under the common law, were known as quasi corporations, but most of them are purely administrative departments of some local form of government, and have such widely variant relations to the state, or to some of its governmental subdivisions, that they cannot be classified with anything like scientific accuracy. There is, therefore, no uniformity of decision upon the subject,

and ancient definitions and classifications of so-called quasi corporations are of little value in construing these modern statutes.

The statutes relating to the matter of procuring a water supply for the various communities in the state disclose the wide range of legislation upon this subject. In some cities the water works systems are operated as a part of the general municipal government; in others the powers and liabilities pertaining thereto are imposed upon special officers or boards either with or without distinct corporate powers. This is also true of villages, some of which obtain their water supplies under the General Village Law, while others are supplied by private water corporations or under special statutes. In a recent case arising under such a special law it was held that the water commissioners were the agents of the village and that their contract for a pumping engine rendered it liable for the purchase price. (*Davidson* v. *Village of White Plains,* 197 N. Y. 266, 269.)

The Town Law provides for several distinct and separate schemes by means of which a supply of water may be obtained.

1. Any town may acquire an existing water system, or construct one for its own use, by complying with the provisions of the statute relating exclusively to towns as distinguished from districts. (Town Law, sections 270–280.) A water system acquired or constructed under those provisions is town property which is expressly placed under the control and management of the town board. It goes without saying that all contracts made by a town board with reference to such a water system, are the contracts of the town, and the town alone is liable under them.

2. The Town Law further provides for a method by which a water district may be formed in territory which is in the town and outside of an incorporated village which owns a system of water works. (Town Law, section 281.) If a water supply district is created as directed in

29

that section, and a contract is made between the town board and a village owning a system of water works, under which the village is to furnish water to the water district, the whole town is bound by the contract; but the liability thus imposed upon the town is offset by its right to levy upon the taxable property in the water district a sum sufficient to protect or reimburse the town; and this sum, when collected from the district taxpayers, is to be turned over to the town supervisor for payment to the village water commissioners.

3. There is still another statutory plan by which the inhabitants of a rural or suburban neighborhood may secure a water supply under the Town Law, and that is the one which had given rise to the questions raised in *Holroyd's* case and in the case at bar. The sections of the Town Law applicable to this plan (sections 282–298) provide, in substance, that upon the petition of a majority of the owners of taxable real property in any proposed water district, the town board may establish such a district outside of any incorporated village or city, and wholly within such town. These provisions direct that after the necessary preliminary steps have been taken the town board shall make an order appointing three tax. payers of the district as water commissioners thereof. After the commissioners have qualified they are authorized to proceed with the construction of a water works system. For that purpose they may employ engineers and enter into contracts for construction. The money needed for these purposes must be raised by the town board by the issue and sale of town bonds, which are a charge upon the whole town, but which are to be paid out of funds raised by tax upon property within the water district. The statute is silent as to the method or the agency by and through which the money thus raised is to be disbursed, but the necessary inference seems to be that it must be paid over to the water commissioners, for they alone are authorized to employ engineers, to make con-

tracts for the construction of the plant, and manage and control the same after it is in operation. They are required to fix and promulgate a scale of water rents, adopt ordinances to enforce the collection thereof, and to file with the town clerk an annual report setting forth the financial status of the enterprise. From all of these peculiarities of the statute it is reasonably clear, as Judge VANN said in *Holroyd's* case, that "the town has no power to build the plant, which is wholly beyond its jurisdiction and control. It has no right to use it or regulate it or collect the rents. It does nothing but lend its credit to the district and in effect it is given a lien upon the taxable property of the district as security, with power to enforce it by taxation in the usual way. * * * The water district is not created for the town, but for a district in the town. * * * No action at law will lie against the town, because the contract is not made by the town and is not for its benefit." (p. 323.)

It is of course the logical corollary to the conclusion that the town is not liable for contracts made by district water commissioners, that these functionaries are themselves liable in their official capacity upon contracts made by them in that relation. It does not follow, however, that this liability must be adjudicated in an action at law. There are many administrative departments of municipal government which are by the express terms of the statutes creating them rendered liable in actions at law upon contracts made with them. In such cases no question can arise as to the fact and the form of the liability. But there are many instances in which the statutes creating such administrative boards contain no reference to their liability upon official contracts entered into by them, or to the method of enforcing such liability when it is held to exist, and in some such cases the liability of the particular board or officer seems to be predicated upon no better reason than that no one else can be found who is liable. They are neither corporations nor

quasi corporations, and in such circumstances the courts should not subject purely administrative officials to the ordinary forms of litigation when there are equally effective and more expeditious remedies in the form of summary special proceedings. If we could agree with the learned justices of the Appellate Division in the conclusion that such district water commissioners, whose duties are very loosely defined and whose liabilities are not even referred to in the statutes, may be regarded collectively as quasi corporations, we should have no difficulty in deciding that they are not only liable upon their official contracts, but that the liability could be enforced against them in actions at law. We hold that they are liable, not on the theory that they are quasi corporations, but because the inference of their liability seems to be the only rational one to be drawn from the fact that no one else is liable; and in the absence of any legislative direction as to the method by which that liability may be enforced, we think that in these cases the ends of justice can be quite as fully subserved by mandamus and certiorari as in actions at law.

Even in the early development of our municipal governments there was great difficulty in determining what departments or officers thereof were, or were not, quasi corporations. That difficulty has been greatly increased by the modern tendency above mentioned to multiply and diversify offices. The result is that we have no end of learned writing upon this most troublesome subject, and, what is worse, much of it is of little use or no use in the decision of the practical questions which are presented to the courts. On that account we refrain from any attempt to analyze the many conflicting authorities and the expressions of text writers, and shall content ourselves with simply stating the conclusions which we have reached.

1. As a quasi corporate capacity is not essential to the proper conduct of such an office as that of district water

commissioner, the courts should not hold that it exists where the legislature has not spoken upon the subject. (*Walsh* v. *Trustees of N. Y. & Brooklyn Bridge*, 96 N. Y. 427.)

2. As these district water commissioners are not quasi corporations, but only administrative officers with power to make contracts in their official name and capacity, and intrusted with funds to meet them, and as they are not agents of the town or district and are not personally liable upon their official contracts, they cannot be sued in actions at law. (*Swift* v. *Mayor, etc., of N. Y.*, 83 N. Y. 528.)

3. For an alleged breach of a contract made by such commissioners, or for a failure to pay any debt incurred by them in their official capacity, the writ of mandamus is, therefore, the only appropriate remedy to compel action on their part, and the writ of certiorari may be invoked where such action is challenged as unlawful.

For these reasons the order of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in both courts.

Cullen, Ch. J., Haight, Willard Bartlett, Hiscock and Collin, JJ., concur; Chase, J., concurs in result.

Order reversed, etc.