In the Matter of the Application of FRED E. DEAN, Appellant, for a Writ of Mandamus.

WILLIAM C. BELL, as President of the Village of Wilson, Niagara County, New York, and JOHN O. MOORE and TIMOTHY WILSON, Trustees of Said Village of Wilson, Respondents.

Fourth Department, May 5, 1920.

Municipal corporations — statute directing trustees of village to borrow money to pay claim — mandamus to compel trustees to convene, audit and pay claim — constitutional law — power of Legislature to direct village to pay for work done under contract which was not made strictly in compliance with section 166 of Village Law.

The holder of a certificate of indebtedness given him by the trustees of the village of Wilson in payment for the paving of a street under a contract with the village, is entitled to a writ of mandamus to compel the trustees of the village to comply with chapter 399 of the Laws of 1919 authorizing, empowering and directing them " to borrow in the name and upon the credit of the village " sufficient money, not exceeding a stated amount, as will be necessary to pay the certificates outstanding for the paving.

The Legislature had the undoubted right to compel payment of the certificate of indebtedness without invading the constitutional rights of any citizen,

though section 166 of the Village Law was not strictly complied with in undertaking the work of paving and levying the assessment therefor, for the petitioner has performed his labor and furnished materials for an improvement that was accepted by the trustees and is being used and enjoyed by the inhabitants of the village, and the trustees have refused to pay the moral obligation of the village founded on equity and justice.

APPEAL by the petitioner, Fred E. Dean, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 26th day of January, 1920, denying petitioner's application for a writ of mandamus.

*Moore & Killian* [*Robert J. Moore* of counsel], for the petitioner, appellant.

*Hopkins & Brim* [*Abner T. Hopkins* of counsel], for the respondents.

CLARK, J.:

The village of Wilson is incorporated, and in the year 1915 it took proper steps to pave a sixteen-foot strip in the center of a portion of Young street in that village. Bonds were issued and sold, the money for the improvement was raised, the contract let to the F. E. Dean Company and it completed the work and received full pay therefor. This was with reference to the sixteen-foot strip in the center of the street.

After the contract for the construction of this sixteen-foot strip had been awarded, the board of trustees of the village, by resolution, attempting to act under section 166 of the Village Law (as amd. by Laws of 1909, chap. 430), authorized the paving of the entire street where the sixteen-foot strip. was to be put in — the strips on either side each to be thirteen feet wide, and these improvements also included the construction of curbs on either side of the street, and the contract for paving these strips and constructing the curbs was awarded to this petitioner.

When it had been determined by the village trustees to pave the thirteen-foot strips and construct the curbs it was decided to assess the expense against the abutting property owners, and assessments were levied accordingly. No petition for this extra paving and curbing, signed by two-thirds of

the abutting property owners, was filed with the village board and the electors of the village never voted on the proposition.

Late in the year 1915 an action was brought in the Supreme Court by one of the abutting property owners for the purpose of testing the validity of the assessments which had been levied for this extra work, and after a trial it was decided that the assessments were illegal and void, because certain requirements of the statute had not been complied with, and the village trustees were enjoined from enforcing them.

The petitioner completed this improvement in November, 1915, fully performed the contract, had received part pay for his services, and there was a balance due him of $1,510.76, and the village authorities gave him a certificate of indebtedness for that amount dated November 27, 1915, payable one year after date, with interest.

The village accepted the work performed by petitioner, opened the street, and the public has ever since had the use and benefit of this improvement, but has not paid, and refuses to pay, for it. When the certificate of indebtedness became due it was presented to the board of trustees of the village for payment, and payment demanded, but the village authorities refused payment.

By chapter 399 of the Laws of 1919 the Legislature authorized, empowered and directed the board of trustees of the village of Wilson " to borrow in the name and upon the credit of said village, such sum or sums of money not exceeding twenty-five hundred dollars as shall be necessary to pay off and discharge certificates of indebtedness and interest thereon issued pursuant to the Village Law for the paving of Young street in said village and which are now outstanding * * *."

This act became a law May 5, 1919, and shortly thereafter petitioner again demanded payment of this claim, and requested the trustees of the village of Wilson to convene, consider, audit and pay his certificate of indebtedness, but they declined to do so. Whereupon petitioner applied to the Supreme Court for a writ of mandamus to compel the village authorities to convene and reconsider their former action, and to audit, allow and pay his claim. The village authorities answered and the writ was dismissed, and petitioner appeals.

Respondents contend that petitioner has mistaken his remedy; that he should have proceeded by action and not by writ of mandamus. In this respondents are in error. A mandamus will lie to compel public officers to perform their official duties, and the officers of this village having refused to comply with the express direction of the statute (Laws of 1919, chap. 399) they can be required to do so by mandamus. (*People ex rel. Farley* v. *Winkler*, 203 N. Y. 445; *People ex rel. Reynolds* v. *Common Council*, 140 id. 300; *People ex rel. Carlisle* v. *Board of Supervisors*, 217 id. 424.)

Respondents also urge that petitioner has no legal claim for the reason, among others, that the village trustees were without power or authority to make a contract with petitioner to do the work for which the certificate of indebtedness was issued, because no notice of an assessment for making this improvement was ever given, and that no petition of the required number of property owners abutting on the street affected by the improvement was ever presented and filed with the board of trustees of the village, and that generally the provisions of the statute with respect to making these improvements was not observed.

It is undisputed that petitioner furnished the labor and materials for making these improvements, and that his work has been accepted, and that it is being used and enjoyed by the inhabitants of the village of Wilson. The village authorities refused to pay him because the statute was perhaps not strictly followed in undertaking this work and levying the assessment to pay for it.

Under these circumstances where the petitioner has performed labor and furnished materials for an improvement that is being used and enjoyed by the inhabitants of the village, and where the trustees of the village refused to pay this moral obligation founded in equity and justice, the Legislature has the undoubted right to compel such payment without invading the constitutional rights of any citizen. (*People ex rel. McLean* v. *Flagg*, 46 N. Y. 401; *People ex rel. Crowell* v. *Lawrence*, 41 id. 137; *Town of Guilford* v. *Supervisors of Chenango County*, 13 id. 143; *Mayor, etc.*, v. *Tenth Nat. Bank*, 111 id. 446; *Spencer* v. *Merchant*, 100 id. 585; *Wrought Iron Bridge Co.* v. *Town of Attica*, 119 id. 204;

*People ex rel. Scott* v. *Pitt*, 169 id. 521; *Gaynor* v. *Village of Port Chester*, 174 App. Div. 122.)

In the case of *Mayor, etc.,* v. *Tenth Nat. Bank (supra)*, Judge EARL writing, it was held: " As municipal corporations are creatures of the State and exist and act in subordination of its sovereign power, the Legislature may determine what moneys they may raise and expend, and what taxation for municipal purposes may be imposed; and so it may compel such a corporation to pay a claim which has some meritorious basis to rest on."

In the case of *Genet* v. *City of Brooklyn* (99 N. Y. 296) the Court of Appeals said, Judge ANDREWS writing: " The power of taxation being legislative, all the incidents are within the control of the Legislature. The purposes for which a tax shall be levied; the extent of taxation; the apportionment of the tax; upon what property or class of persons the tax shall operate; whether the tax shall be general or limited to a particular locality, and in the latter case the fixing of a district of assessment; the method of collection, and whether the tax shall be a charge upon both person and property, or only on the land, are matters within the discretion of the Legislature and in respect to which its determination is final."

In the case of *People ex rel. Scott* v. *Pitt (supra)* it was held that a provision of the charter of New Rochelle which fixed the amount of sewerage assessments upon abutting property at a definite sum per front foot, was not unconstitutional and void because it failed to provide for a hearing, etc.

The case of *Wrought Iron Bridge Co.* v. *Town of Attica (supra)* seems to be decisive of this case. The town had authorized plaintiff to build a bridge and it refused to pay. Plaintiff sued, recovered a judgment which was reversed because the contract was made without authority, and the proceedings leading up to it were unauthorized. The Legislature then passed an act authorizing payment of plaintiff's claim, and a second action was brought and he was successful. In the opinion of the Court of Appeals Judge O'BRIEN said: " The principle that claims, supported by a moral obligation and founded in justice, where the power exists to create them, but the proper statutory proceedings are not strictly pursued, or for any reason are informal and defective, may

be legalized by the Legislature and enforced either against the State itself or any of its political divisions through the judicial tribunals, is, we think, now well settled.   In our opinion the Legislature had the power in this case to legalize the defective proceedings of the town authorities upon the faith of which the plaintiff acted, and in this way confer power upon the courts to compel the town to pay those obligations which its officers contracted without observing the necessary steps pointed out by the statute, and the benefits of which it had already received and continues to enjoy."

All concur.

Order reversed, with costs, and application for peremptory writ of mandamus granted, with fifty dollars costs and disbursements.