PEOPLE OF THE STATE OF NEW YORK ex rel. NICOLA DESIDERIO and the TRADERS NATIONAL BANK OF ROCHESTER, *v.* HENRY CONOLLY, WALTER A. SWAN and ROBERT B. WILSON, Constituting the Board of Sewer Commissioners of Sewer District. No. 1 in the Town of Brighton, New York, and the Town Board of the Town of Brighton.

(Supreme Court, Monroe Special Term, November, 1921.)

Mandamus — town board — demurrer to alternative writ — payment to contractor for construction of sewer — parties — when surety not necessary party.

Where a town board, after raising the money to pay for the construction of a sewer extension, duly ordered, fails as in duty bound to pay the money over to the sewer commissioners, it may be compelled by mandamus to perform that duty.

Where it is made to appear that the relator substantially performed the contract until under a clause thereof the work was taken over by the sewer commissioners; that there is due to him a certain sum upon the contract, a part of which has been assigned to the other relator, that of the amount raised by the issue of town bonds for the sewer construction there remains, after expenditures, a balance of more than sufficient to pay the claims of both relators, demand therefor having been made, a demurrer interposed by the sewer commissioners and also by the town board to an alternative writ of mandamus will be overruled.

The surety on the contractor's bond was not a necessary party to the proceeding if, as alleged, the contractor had substantially performed the contract, and money was due and owing to him thereunder.

Relators' cause of action being for money due under the contract and it requiring successive steps by both boards to raise the money, both of which steps having but one result, that is, payment of moneys claimed to be justly due relators, it was proper to join both boards in one proceeding and compel action therein by both.

Supreme Court, November, 1921.    [Vol. 117.

Whether the defendants, for lack of sufficient funds on hand to meet the relators' claim, may be compelled to take steps under the statute to raise the money for that purpose, it is not necessary now to determine.

DEMURRERS to an alternative writ of mandamus.

Clarence W. McKay (Frederick W. Oliver, of counsel), for relators.

Edwin C. Smith, for town board of the town of Brighton.

Walter A. Swan, for board of sewer commissioners.

CUNNINGHAM, J.    An alternative writ of mandamus has been issued commanding defendants to pay to relators a sum claimed to be due upon a contract for the construction of an extension sewer, or to show cause why the writ should not be obeyed.

The sewer commissioners and the town board have interposed demurrers to the writ.

The creation and extension of sewer districts, the raising of money to pay for sewers in such districts and the execution of contracts for the construction of such sewers or extensions are permitted by sections 230–239 of the Town Law.    The town board is empowered to create the district, to appoint the sewer commissioners and to raise the money for the construction of the sewer.

The sewer commissioners are authorized to contract for the construction of the sewer and to levy a local assessment for the cost thereof, and the moneys realized therefrom are paid to the town to reimburse it for bonds issued.

The cause of action stated by relators is that an extension of a sewer district was duly ordered and

sewer commissioners duly appointed, that the sewer commissioners entered into a contract with the relator, Desiderio, for the construction of the sewer extension, that he substantially performed the terms of the contract until the work was taken over by the sewer commissioners under a clause in the contract, and that there is due to him upon the contract the sum of $23,638.29, of which $10,000 has been assigned to the relator Traders National Bank. That the town board has raised the sum of $185,000 by the issue of bonds for the construction of such sewer extension and has expended therefrom the sum of $144,000 and that the balance is still in the hands of the town board. That both the town board and the sewer commissioners have failed to make provision for the payment to relators of the sum due them, although demand therefor has been made.

The writ seems to me to set forth a cause of action based upon the failure of defendants to perform duties imposed upon them by law. It was the duty of the town board, after raising the money, to pay same over to the sewer commissioners to be expended by them for the construction of the sewer extension. As they still have the money in their possession they have failed in this duty and they may be compelled by mandamus to perform it. *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *People ex rel. Farley* v. *Winkler,* 203 id. 445.

The sewer commissioners, if anything were due to relators under the contract, were obliged to pay the same to them and their neglect to do so, as stated in the alternative writ, constitutes a failure of duty which they may be required to fulfill by mandamus. Cases cited *supra.*

The writ further alleges that in the demand for payment served upon the defendants it was required that

defendants forthwith pay to relators the sum due and " that if they claimed that they hadn't that amount of money in the funds for the construction of the sewer system " that the sewer commissioners serve notice on the town board to raise such moneys and that the town board proceed to raise the amount necessary. That defendants have neglected and refused to pay said sum so due and " neither the town board or the board of sewer commissioners have taken any proceedings under the statute to raise the sum necessary for the payment thereof." It is claimed that the allegation just quoted is a statement that there are no moneys on hand applicable to the payment of relators' claim. In view of the other averment in the alternative writ that bonds in the amount of $185,000 have been issued and sold and that $144,000 of this has been expended and that the balance remains in the hands of the town board, I believe that the allegation cannot be construed in the manner claimed by defendants. It seems to me it is, in effect, an assertion that no *further or different* action was taken by the defendants.

One of the grounds of demurrer is that there is a defect of parties plaintiff in that the surety on the bond of the relator Desiderio is not a party to this proceeding. If, as is alleged by relators, Desiderio substantially performed the terms of the contract and there is money due and owing to him under such contract, the surety on the bond is not a necessary party to this proceeding.

It is contended that separate causes of action exist against the sewer commissioners and the town board and that it is improper to unite such causes of action in one proceeding and that there is a defect of parties defendant in making both boards defendants in this proceeding. Relators' cause of action is for money

due under a contract. It requires successive steps by the two boards to raise this money and to pay relators, but these successive steps have one result, that is the payment of moneys claimed to be justly due relators. Under such circumstances it is proper to join both boards in one proceeding and compel action by both of them in such proceeding. *Labette County Commissioners* v. *United States ex rel. Moulton,* 112 U. S. 217.

I agree with Mr. Justice Stephens, who granted the alternative writ, that the contentions that the proceeding is premature because the sewer is not completed, that the work has not been abandoned but only suspended and that all of the moneys raised for the construction of the sewer have been expended, are matters which should be proved in defense, at which time the sufficiency of such defenses can be decided. I believe the alternative writ sets forth a cause of action based upon the failure of the town board to turn over to the sewer commissioners the moneys raised for the construction of the sewer and upon the failure of the sewer commissioners to pay to relators the sum claimed by them to be due.

It is not necessary, therefore, to determine at this time whether the defendants may be compelled to take steps under the statute to raise money to pay relators' claim if they have not sufficient funds on hand to meet it. The demurrers are overruled.

Demurrers overruled.