THE PEOPLE OF THE STATE OF NEW YORK ex rel. NICOLA DESIDERIO et al., Appellants, v. HENRY CONOLLY et al., Constituting the Board of Sewer Commissioners of Sewer District No. 1 in the Town of Brighton, et al., Respondents.

Towns — sewer commissioners — mandamus — functions of sewer commissioners are administrative, not judicial — may be constrained by mandamus to cause payment to be made for work done under contract entered into by them — peremptory mandamus directing commissioners to audit claim, but leaving them free to approve or reject erroneous — form of petition.

1. The functions of sewer commissioners, appointed by a town board, under section 231 of the Town Law (Cons. Laws, ch. 62), to build and maintain a sewer system, are administrative, not judicial.

Neither by express grant of jurisdiction nor by reasonable implication are they given power to adjudicate the demands that they reject. They are not auditors or assessors, passing judgment as judges do upon the acts or liabilities of others. They are contracting and disbursing agents. If they doubt the justice of a claim, their refusal to pay it or to provide themselves with means of payment is not a judicial determination of invalidity, binding the claimant. It has no other effect than to remit him to a remedy in the courts, where such commissioners may be constrained by mandamus, peremptory where the facts are undisputed, but otherwise, alternative, to cause payment to be made. Their functions not being judicial, the remedy by certiorari is improper. (*Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318; *People ex rel. Farley* v. *Winkler*, 203 N. Y. 445, limited and explained.)

2. It was, therefore, erroneous upon application for an order of mandamus to compel payment for work done under a contract entered into with such commissioners for the construction of such a sewer system, to grant a peremptory mandamus directing the commissioners to audit the claim upon the merits but leaving them free upon such audit to approve or to reject.

3. Though the form of the petition is subject to criticism, there is nothing therein justifying the conclusion that the relators by the form thereof have thrown their rights away.

*People ex rel. Desiderio* v. *Conolly*, 207 App. Div. 886, reversed.

(Submitted May 13, 1924; decided June 3, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 30, 1923, which affirmed an order of Special Term granting a peremptory order of mandamus to compel audit of the claims of the relators against their objection that they were entitled to the trial of the issues under an alternative mandamus order and thereby to additional relief.

*Clarence W. McKay* for appellants. Official acts, executive, legislative, administrative or ministerial in their nature or character are never subject to review by certiorari. (1 Bailey on Habeas Corpus & Certiorari, 662; *People ex rel. Corwin* v. *Walter*, 68 N. Y. 403; *People ex rel. R. R. Co.* v. *Comrs. of Parks*, 97 N. Y. 37; *People ex rel. Trustees* v. *Bd. of Super.*, 131 N. Y. 468; *People*

*ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Finegan* v. *McBride,* 226 N. Y. 252; *Matter of Simmons* v. *McGuire,* 204 N. Y. 353; *People ex rel. North* v. *Featherston-haugh,* 172 N. Y. 112; *People ex rel. E. C. T. Club* v. *State Racing Comm.,* 190 N. Y. 31; *People ex rel. R. & J. Co.* v. *Wiggins,* 199 N. Y. 382; *People ex rel. Guernsey* v. *Somers,* 153 App. Div. 623.) Under an alternative writ, the relators are entitled to a trial by jury of all the issues raised by the writ and the returns. (Civ. Pr. Act, §§ 1332, 1333; *People ex rel. Mackin* v. *Board,* 46 Hun, 296; *People ex rel. Sickles* v. *Becker,* 3 N. Y. S. R. 202; *People ex rel. Ackerman* v. *Lumb,* 6 App. Div. 26; *People ex rel. Boyd* v. *Hertle,* 46 App. Div. 505; *People ex rel. Coveney* v. *Kearney,* 44 App. Div. 449, 453; *People ex rel. Bean* v. *Clausen,* 74 App. Div. 217; *People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. MacDonald* v. *Clausen,* 163 N. Y. 523.) The effect of this order is to deprive the relators of their constitutional right of the trial of an issue of fact before a court of competent jurisdiction. (*Kennedy* v. *Brady,* 166 N. Y. 44; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252; *People ex rel. Copcutt* v. *Bd. of Health,* 140 N. Y. 1.) Alternative mandamus is the proper remedy where the refusal of the board to act is capricious, arbitrary or unreasonable. (*People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. Club* v. *State Racing Commission,* 190 N. Y. 31; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Cecil* v. *Bellview,* 60 Hun, 107; 128 N. Y. 192.) Where issues of fact are joined under an alternative writ of mandamus, the relator is entitled as a matter of right to have a jury trial thereon and the court cannot dismiss the action or grant a non-suit or dispose of the case otherwise than by a verdict of the jury either rendered by the jury or directed by the court. (*People ex rel. Bean* v. *Clausen,* 74 App. Div. 217; *People ex rel. Blank* v. *Supreme Lodge,* 126 App. Div. 86; *People ex rel. Gleason* v. *Scannell,* 172 N. Y. 316; *People ex rel. Neilinger*

v. *Wells*, 178 N. Y. 411; *People ex rel. Ryan* v. *Bingham*, 114 App. Div. 170; *People ex rel. Geraci* v. *Italian Association*, 107 N. Y. Supp. 1101.)

*Percival D. Oviatt, Walter A. Swan* and *Edwin C. Smith* for respondents. An application of the general principles of the law of mandamus precludes the idea that a mandamus can be used in such a case as this to liquidate the amount of such a claim. (*People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *People ex rel. Hamm* v. *Town Auditors*, 43 App. Div. 22; *People ex rel. Anderson* v. *Snedicker*, 75 Misc. Rep. 194; *Bragg* v. *Town of Victor*, 84 App. Div. 83; *Murphy* v. *Town of Benton*, 86 Misc. Rep. 73.) To audit is to exercise a judicial function. (*Clark* v. *Davenport*, 95 N. Y. 478; *People* v. *Campbell*, 156 N. Y. 64; *People ex rel. Columbia Co.* v. *O'Brien*, 101 App. Div. 296; *People ex rel. Burnham* v. *Jones*, 112 N. Y. 609; *People ex rel. Browdy* v. *McDermott*, 169 App. Div. 765; *People ex rel. Hoffman* v. *Partridge*, 93 App. Div. 473; *People ex rel. Loughran* v. *R. R. Comrs.*, 158 N. Y. 421; *Colby* v. *Town of Day*, 75 App. Div. 211.)

CARDOZO, J. The town board of the town of Brighton established a district for the construction of a sewer system (Town Law [Cons. Laws, ch. 62], § 230), and appointed sewer commissioners (Town Law, § 231) to build the system and maintain it. The commissioners employed as their contractor (Town Law, § 234) Nicola Desiderio, one of the relators in this proceeding, but later while he was in the course of performance, took the work out of his hands, and still later abandoned it altogether. He claims that there remains due to him a balance of $23,638.29, partly for work done under the contract, partly for extra work, partly for damages. The commissioners after due demand have refused to pay this balance or any part of it. They have refused to file with the town board the notices or other documents necessary to enable

payment to be made out of the proceeds of bonds issued to defray the cost of the improvement. They have taken the position that the contractor is in default, and that for this reason and for others there is nothing to be paid.

In this situation, the contractor applied for a mandamus directed to the board and the commissioners. He joined with him as relator the Traders' National Bank of Rochester, which held an assignment of his claim as collateral security. The prayer of the petition is that the claim be paid forthwith out of moneys, the proceeds of bonds, alleged to be on hand and available therefor; and, if the money be not on hand, that the commissioners audit the demand and serve upon the town board the notice requisite under the statute to cause the money to be raised. There is a final prayer that both commissioners and board be required to do such other acts and things as may be essential to secure to the relators the payment of the claim in full. On this petition there was issued an alternative mandamus order to which the respondents made return contesting the relators' claim and disowning liability. On the eve of trial, they procured against the protest of their adversaries an order which turned the alternative mandamus into a peremptory one, but with a scope and operation narrower by far than the relief prayed for in the petition. The commissioners were directed to audit the claim upon the merits, but they were left free upon such audit to approve or to reject. Neither against them nor against the board does the order embody the declaration of a duty to pay. Whether such a duty may be declared in this proceeding, is the question to be answered. If sewer commissioners, in acting upon a demand for payment, are invested by statute with *quasi*-judicial functions, mandamus, though competent to compel them to act, is not competent to prescribe the manner of their acting (*People ex rel. McCabe v. Matthies*, 179 N. Y. 242). Relief must then be sought by certiorari when their ruling is announced. On the

other hand, if the functions of the commissioners in this regard are ministerial or administrative, then, since an action will not lie (*People ex rel. Farley* v. *Winkler,* 203 N. Y. 445), they may be constrained by mandamus, peremptory where the facts are undisputed, but otherwise, alternative, to cause payment to be made.

The courts below classified the functions as judicial. They did so believing that two opinions of this court dictated that conclusion (*Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *People ex rel. Farley* v. *Winkler,* 203 N. Y. 445). No doubt there was much said in each of these opinions to give support to this belief. If we separate, however, things said from those decided, the question, supposed to be foreclosed, is seen to be open. In the first of the two cases (*Holroyd* v. *Town of Indian Lake, supra*) the plaintiff had built water works under a contract with water commissioners (Town Law, §§ 270–280). Upon their refusal to make payment, he sued the town for their default. We held that an action would not lie against the town, and sustained a demurrer interposed to the complaint. The one defendant before us being absolved, there was no occasion to consider the precise limitations to be imposed upon the liability of others. At the same time, we said that " the remedy was by writ of mandamus against the * * * commissioners, to be followed by proceedings in certiorari if a review was necessary." What was said as to certiorari was unnecessary to the decision, and foreign to any question considered in the briefs. In the second case (*People ex rel. Farley* v. *Winkler, supra*) the relators prayed for a mandamus. The commissioners opposed the writ, and contended that there was a remedy by action. In overruling this contention we said again, as we had said in the *Holroyd* case, that if the claim was rejected, there might be review by certiorari. Once more, however, the remark was foreign to the controversy. Since the relator in that case did not ask for a mandamus that the commissioners

be directed to pay, but was content with one directing them either to accept or to reject, there was no occasion to go farther. " The opinion must be read in the light of the facts before us " (*People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356, 361; *Colonial City Traction Co.* v. *Kingston City R. R. Co.,* 154 N. Y. 493).

We think the functions of these commissioners are administrative, not judicial (*People ex rel. Corwin* v. *Walter,* 68 N. Y. 403; *People ex rel. Second Ave. R. R. Co.* v. *Board of Commrs.,* 97 N. Y. 37; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252). They represent, not the town, but a special administrative area, the sewer district (*Holroyd* v. *Town of Indian Lake, supra,* at p. 322). Their contracts duly made will charge the town board with a duty to issue the necessary bonds and raise the necessary moneys. The proceeds, however, when gathered in, are to be turned over to the commissioners, and are by them to be expended (180 N. Y. at p. 323). They are not auditors or assessors, passing judgment as judges do upon the acts or liabilities of others. They are contracting and disbursing agents. If they doubt the justice of a claim, their refusal to pay it or to provide themselves with means of payment is not a judicial determination of invalidity, binding the claimant as if a verdict of a jury had gone against him upon the facts (Civ. Prac. Act, § 1304). It has no other effect than to remit him, like the refusal of any other public officer or indeed of any private debtor, to a remedy in the courts. We find in the statute no suggestion of a purpose that the commissioners, after contracting an obligation, shall be judges of the propriety of their own conduct in refusing to discharge it. In such circumstances, mandamus is the one remedy available to hold them to their duty. They are not suable at law, for the statute does not make them a *quasi*-corporation, and does not mean, on the other hand, that they shall be personally liable (*People ex rel. Farley* v. *Winkler, supra*).

They are not subject to review on certiorari, since their functions are not judicial (*People ex rel. Kennedy v. Brady*, 166 N. Y. 44). We have thus an administrative duty to pay, with an absence of the ordinary remedies available to a creditor to whom payment is refused. Mandamus issues, in such conditions, to the end that justice may not fail (*People ex rel. Satterlee v. Board of Police*, 75 N. Y. 38, 43; *Swift v. Mayor, etc., of N. Y.*, 83 N. Y. 528, 535; *Matter of Freel*, 148 N. Y. 165; *Davidson v. Village of White Plains*, 197 N. Y. 266).

The respondents point to instances in which officers or agents of the same civil subdivision which has entered into a contract or assumed an obligation, have been invested with judicial functions to inquire whether the contract has been performed or the obligation discharged. Such is the position of the board of supervisors of a county in respect of claims submitted to them for audit (*N. Y. Catholic Protectory v. Rockland County*, 212 N. Y. 311; *Matter of Equitable Trust Co. v. Hamilton*, 226 N. Y. 241). Such, also, is the position of a board of town auditors (*People ex rel. Myers v. Barnes*, 114 N. Y. 317; *People ex rel. McCabe v. Matthies*, 179 N. Y. 242). In these and like cases, however, the power to audit, *i. e.*, to hear and examine, and thereupon to allow or to reject, was unmistakably conferred. We are unwilling to deduce its existence from uncertain implication. A hearing before these commissioners will be one in name only. They have already repudiated liability, and have stated under oath the reasons for rejection. If they are to be classified as judicial officers, the disallowance which is sure to follow will conclude the claimants to the same extent as the verdict of a jury (Civ. Prac. Act, § 1304). This is a consequence not lightly to be invited. The Legislature has not said that the commissioners shall audit. It has said that they shall contract, and by implication (*Holroyd v. Town of Indian Lake, supra*) that they shall pay. Neither by express grant of juris-.

diction nor by reasonable implication are they given power to adjudicate the demands that they reject.

The prayer of the petition is subject to criticism. The relators themselves have asked that in certain contingencies there shall be an audit of their claim. If the prayer is read as a whole, we see that " audit " is used loosely as equivalent to authentication or approval. Coupled with the prayer for audit is the prayer that payment be directed. We find nothing justifying the conclusion that the relators by the form of their petition have thrown their rights away (Civ. Prac. Act, § 111).

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the respondents' motion denied, with costs.

POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., and McLAUGHLIN, J., dissent.

Orders reversed, etc.