In the Matter of the Application of BUFFALO FIRE APPLIANCE COR-PORATION, Petitioner, for a Mandamus Order against MOUNTAIN-DALE FIRE DISTRICT and Others, Respondents.

Supreme Court, Sullivan County, November 8, 1930.

*John D. Lyons*, for the petitioner.

*Morris Kanfer*, for the respondents.

McNAMEE, J. The fire district in question was created and its organization completed pursuant to section 38 of the County Law (as amd.). The petition alleges and the answering affidavits admit that the district, as it had the power and right to do, bought, accepted and received from the petitioner a fire truck, and delivered in payment of the purchase price thereof two promissory notes aggre-

gating $1,800 and bearing interest at six per cent. Both of the notes, with interest, are due and unpaid, and payment has been refused by the fire district. It appears also that money was raised by tax upon the taxable property of the district to pay the notes and interest. The statute requires that this money must be paid over immediately upon collection by the supervisor of the town to the treasurer of the fire district. (County Law, § 38, subd. 5, as amd. by Laws of 1929, chap. 630.) While the papers do not show this payment over by the supervisor, it will be presumed that public officials have performed their statutory duties in the absence of evidence to the contrary. And the respondent fire district admits its ability to pay the amount due on the notes.

The only allegations of the opposing affidavits which are presented as reason for non-payment are that the petitioner at the time of the purchase guaranteed to service the fire truck and keep it in repair; and that the district " called upon " the petitioner to service and keep in repair the pump of the fire truck; and that the petitioner failed and refused to do these things. Whether such a vague collateral guaranty, without definition or limitation, would be good in law need not be decided, because there is no allegation of defect, lack of repair or the necessity for service, and certainly it cannot be inferred from the papers that there was any defect or lack of repair for which the petitioner could be held responsible, or which the petitioner, in reason, could be called upon to remedy. In other words, the opposing affidavits allege no fact that would constitute a defense, and accordingly there is no issue to try, and no basis for an alternative order.

The respondents contend that mandamus is not the proper remedy here, but that the petitioner should have proceeded against the respondents by action. The respondent fire district is not a corporation nor a quasi corporation, and may not be made a defendant in an action; the commissioners of a fire district under the statute mentioned are administrative officers only, with power to contract, and the duty to pay the amount agreed upon. There has been a refusal to pay as agreed, and, therefore, a failure to comply with a statutory obligation, and the fire district may be required to do so by mandamus. (*People ex rel. Desiderio* .v. *Connolly*, 238 N. Y. 326; *People ex rel. Farley* v. *Winkler*, 203 id. 445.)

A peremptory mandamus order should be granted requiring the Mountaindale Fire District and the fire commissioners thereof to pay the amount due on the promissory notes described in the petition.

Ordered accordingly.